IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAKAN SENALAN )<br>　　　　　　　Plaintiff, )<br> )<br>v. )<br> )<br>MARK C. CURRAN, JR., Lake County Sheriff, )<br>Lake County Corrections Sergeant W.R. KINVILLE, )<br>Lake County Corrections Sergeant TERRY KING, )<br>Lake County Corrections Officer MATTHEW RICE, )<br>Lake County Corrections Officer CARNELL REED, )<br>Lake County Corrections Officer JOHN UPTON, )<br>Lake County Corrections Officer TIMOTHY )<br>PFLEGER, Lake County Corrections Officer )<br>MARTIN MAZUR, )<br>LAKE COUNTY SHERIFF'S OFFICE )<br> )<br>　　　　　　　Defendants. ) | No. 13 CV 5161<br><br>JURY TRIAL DEMANDED |

**SECOND AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, HAKAN SENALAN, by his attorneys, Stone & Associates, Ltd., and complains as follows:

1. Plaintiff, Hakan Senalan is a thirty-nine (39) year old man with mental illness. He suffers from bipolar disorder and schizophrenia, paranoid type. His date of birth is June 6, 1974. He resides in Lake Forest, Illinois.

2. Defendants Kinville, King, Rice, Reed, Upton, Pfleger, and Mazur, sued herein in their individual and official capacity, are Lake County Jail corrections officers employed at all relevant times by the Lake County Sheriff's Office. At all times relevant hereto, the Defendant corrections officers were acting within the scope of their employment as corrections officers for the Lake County Sheriff's Office.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. Sec. 1983 to redress Plaintiff's deprivations under color of law as secured by the Constitution of the United States.

4. This court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 1331.

5. Venue is proper in this district under 28 U.S.C. Sec. 1391(b). The Defendants reside (or are employed within), and the events giving rise to the claims asserted, occurred in Lake County, Illinois.

6. This action is properly filed in the Northern District of this District Court pursuant to Local Rule 40.1(A) as all events giving rise to the claims asserted occurred within the jurisdictional boundaries of the Northern District of this District Court.

## FACTS SUPPORTING THIS COMPLAINT

7. In July 2005, Hakan Senalan was diagnosed by Dr. Aamir Safdar at Riveredge Hospital in Forest Park, Illinois as suffering from schizophrenia, chronic paranoid type. He was prescribed Haldol and Seroquel, antipsychotic medication, to combat the schizophrenia which he took continuously until the incident at issue in this cause.

8. On or about May 11, 2011, Hakan Senalan was placed in the custody of the Lake County Jail in Waukegan, Illinois, after being arrested on charges of misdemeanor domestic battery.

9. Though Hakan Senalan was permitted to bring his antipsychotic medication, Seroquel, into the Lake County Jail, he ran out of his monthly supply on or about June 7, 2011. Hakan Senalan informed jail medical staff that he had run out of Seroquel.

10. On June 21, 2011, Hakan Senalan again informed Lake County Jail medical staff that he had run out of Seroquel. Hakan Senalan advised the staff that he needed his medication

and that without it, his mental illness would worsen. He told staff members that he wanted to stay on Seroquel because substitute medications have a negative effect on his state of mind and well-being. Lake County Jail staff, however, informed Hakan Senalan that administering the prescribed Seroquel was too expensive, and that the jail could only give him Risperdal, a substitute antipsychotic.

11. On July 18, 2011, the date of incident in this cause, Hakan Senalan, a paranoid schizophrenic, had been in the custody of the Lake County Jail without his prescribed antipsychotic medication for over one month.

12. At approximately 9:00 a.m. on July 18, 2011, Defendant Corrections Officer Upton entered the segregation unit of the Lake County Jail with Defendant Officer Mazur to speak with Hakan Senalan about an alleged minor rule violation.

13. Feeling threatened by the presence of the two officers in the doorway to his cell, an unmedicated and delusionally paranoid Hakan Senalan rose to his feet while the officers were blocking the doorway. As Hakan Senalan stood up, Defendant Upton forcefully pushed Hakan Senalan away with his left hand.

14. Hakan Senalan remained standing. In a series of unnecessary aggressive actions, Defendant Upton removed his O.C. spray from his holster and sprayed Hakan Senalan in the face. Hakan Senalan did not fall to the ground. Defendant Upton then deployed his taser and attempted to fire a cartridge at Hakan Senalan. The taser failed to deploy. Defendant Officer Upton tried to fire his taser a second time, but it again did not deploy. Finally, Defendant Upton removed the cartridge and performed a "dry stun" on Hakan Senalan by making direct contact.

15. Determining that the taser had not had its full and intended effect, Defendant Upton then began to strike Hakan Senalan in the face.
16. As a result of the pepper spray and taser stunning, Hakan Senalan experienced severe discomfort and pain.
17. After hitting Hakan Senalan in the face, Defendant Officers Upton and Mazur subdued Hakan Senalan, and waited for command and transport to restrain Hakan Senalan and remove him from his cell.
18. Defendant Officers Reed, Rice and Pfleger arrived at Hakan Senalan's cell at about 9:15 a.m. on July 18, 2011. Defendant Reed ordered Defendant Upton and Mazur to leave the O.C. spray-contaminated area, while he and Defendant Rice restrained Hakan Senalan. Defendant Reed laid on top of Hakan Senalan and grabbed Hakan Senalan's left arm, while Defendant Rice grabbed his right. Defendant Pfleger restrained Hakan Senalan's legs. They forced his arms to the front of his body, handcuffed him and removed him from his cell.
19. Defendants Rice and Reed took Hakan Senalan to Booking Cell B-9 in the Lake County Jail, stripped him naked and pushed him prone to the floor. The Defendant officers removed the handcuffs from Hakan Senalan's arms and locked him in the cell.
20. Corrections officers informed Lake County Jail medical staff of the events of that morning. In response, Dr. H. Singh, Lake County Jail psychiatrist, ordered that Hakan Senalan be forcefully medicated with substitute antipsychotic medication. Dr. Singh had not witnessed any of the events that morning. In fact, he had not seen Hakan Senalan since May 12, 2011. The administration of the medication was without consent.

4

21. In response to Dr. Singh's order of forced medication, Defendant Sergeants King and Kinville activated the Lake County Jail Corrections Response Team to assist the Lake County Jail medical staff in forcing the substitute psychotropic medication on Hakan Senalan.

22. At approximately 9:45 a.m. on July 18, 2011, Defendant Officers Rice, Reed, Mazur and Pfleger assembled in the Lake County Jail gymnasium, while Sergeant Kinville videotaped the forced administration of medication to Hakan Senalan.

23. Defendants Rice, Reed, Mazur and Pfleger marched from the gym to Booking Cell B-9. When they arrived, Hakan Senalan was locked in the booking cell, naked and cowering on the floor in a prone position.

24. Defendant Pfleger ordered Hakan Senalan to remain in the prone position in the back of the cell. When the doors to the cell unlocked, the four Defendant officers rushed into the cell and piled on top of Hakan Senalan, as he repeatedly pleaded, "Please don't. Please help. Don't do this to me. Don't do this."

25. Defendants Reed, Rice and Mazur sat on top of Hakan Senalan, with Rice pinning his left arm to his side, Mazur sitting on top of Hakan Senalan's legs and Reed restraining Hakan Senalan's right side.

26. While Hakan Senalan was naked and pinned to the ground pleading for the officers to stop, to help him, crying out loud "Why? Why?", Lake County Jail Nurse Oscar Caceres forcibly injected an antipsychotic substitute, 10 mg Haldol/2 mg Ativan, into Hakan Senalan's left buttock.

27. After Nurse Caceres left the cell, Defendants Rice, Reed, Pfleger and Mazur backed out of the cell one by one, as Hakan Senalan remained naked and prone in Booking Cell B-9.

28. Hakan Senalan was subsequently charged with misdemeanor counts of battery, aggravated assault of a peace officer and resisting a peace officer as a result of the alleged July 18, 2011 incident.

29. On August 29, 2011 the Lake County State's Attorney dismissed the initial domestic battery charges against Hakan Senalan. On November 26, 2012, the Lake County State's Attorney dismissed the July 18, 2011 charges of battery, aggravated assault and resisting a peace officer.

30. The beating and forced medication of Hakan Senalan were a result of willful and malicious, improper conduct by the Defendants, each of them.

31. As a proximate result of the Defendants' above described misconduct, Hakan Senalan was physically beaten and injured by Defendant corrections officers John Upton, Martin Mazur, Timothy Pfleger, Carnell Reed and Matthew Rice. Further, Hakan Senalan was forcibly administered medication to which he never consented by Dr. Singh and Lake County Jail Nurse Oscar Caceres; unlawfully detained by the Defendants; wrongfully charged with battery, aggravated assault and resisting a peace officer; and otherwise deprived of his civil rights and liberties.

## COUNT I

### 42 U.S.C. Sec. 1983—False Arrest/Unlawful Detention

32. Plaintiff re-alleges paragraphs 1 through 31 of his complaint.

33. Plaintiff, Hakan Senalan, was improperly seized, arrested, detained and charged without any probable cause in violation of his Constitutional rights.

34. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

35. As a result of the above-described wrongful infringement of Hakan Senalan's rights, he has suffered damages including, but not limited to, substantial physical injuries as well as severe mental stress and anguish for being beaten by Lake County Jail corrections officers and wrongfully charged with a crime.

36. The misconduct described in this Count was undertaken pursuant to a policy and practice of the Lake County Sheriff's Department in that:

    a. As a matter of both policy and practice, the Lake County Sheriff's Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here, by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Lake County Sheriff's Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Lake County corrections officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as a matter of widespread practice so prevalent as to comprise policy, officers of the Lake County Sheriff's Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Lake County Sheriff's Department makes findings of wrongdoing in a disproportionately small number of cases.

    d. Local policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Lake County Sheriff's Department, by which officers fail to report misconduct by other officers, such as the misconduct at issue in this case; and

    e. The County of Lake and the Lake County Sheriff's Department have failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

37. As a result of the Defendant Lake County corrections officers false arrest, unlawful detention, stripping naked and forcefully administering medication without consent, as well as the Lake County Sheriff's Department's policy and practice, Plaintiff has suffered physical pain and bodily injury, as well as emotional distress and loss of liberty.

WHEREFORE, Plaintiff, HAKAN SENALAN, respectfully requests this Court enter judgment in his favor and against Defendant corrections officers W.R. KINVILLE, TERRY KING, JOHN UPTON, CARNELL REED, MATTHEW RICE, TIMOTHY PFLEGER, MARTIN MAZUR, and Defendant, MARK C. CURRAN, JR., in their individual and official capacity, and any other relief this Court deems just and appropriate under the circumstances.

## COUNT II

**42 U.S.C. Sec. 1983 – Assault & Battery**

38. Plaintiff re-alleges paragraphs 1 through 37 of his complaint.

39. Acting under the color of law, the Defendants denied Hakan Senalan of rights, privileges, and/or immunities secured by the United States Constitution.

40. The above described treatment of a documented mentally-ill prisoner is shocking to the conscience of an ordinary citizen.

41. Hakan Senalan, an improperly medicated paranoid schizophrenic, was attacked, beaten and falsely detained by Defendant corrections officers, clearly shocking the conscience.

42. Further, the Defendant Lake County Jail staff's conduct of forcibly administering medication to Hakan Senalan – medication which he had denied and was forced the administration of – was extreme and outrageous, clearly shocking the conscience as well.

WHEREFORE, Plaintiff, HAKAN SENALAN, respectfully requests this Court enter judgment in his favor and against Defendant corrections officers W.R. KINVILLE, TERRY KING, JOHN UPTON, CARNELL REED, MATTHEW RICE, TIMOTHY PFLEGER, MARTIN MAZUR, Defendant, MARK C. CURRAN, JR., in their individual and official capacity, and any other relief this Court deems just and appropriate under the circumstances.

### Count III
### 42 U.S.C. Sec. 1985 – Conspiracy to Violate Constitutional Rights

43. Plaintiff re-alleges paragraphs 1 through 42 of his complaint.

44. Acting under the color of law, the Defendants denied Hakan Senalan of rights, privileges, and/or immunities secured by the United States Constitution.

45. The above described conduct was administered maliciously and sadistically in an effort to cause harm to Hakan Senalan for the purpose of depriving, either directly or indirectly his equal protection of the laws, or of his equal privileges or immunities under the laws.

9

46. Hakan Senalan's conduct of standing up in his cell when confronted by Defendants Upton and Mazur posed no threat of safety or good order and discipline to any other inmate in the jail.

47. Nor did Hakan Senalan's act or actions require the amount of force displayed and used against him.

48. The injuries sustained by Hakan Senalan exceeded any perceived threat of injury that Defendants Upton and Mazur faced and was done with the intent to violate his rights.

49. Using force on a person with mental illness, such as the use of force described herein above, by Defendants Upton and Mazur, is repugnant to the conscience of mankind.

50. The aforesaid acts of the Defendant Lake County Sheriff's Department and its corrections officers resulted in the violation of Hakan Senalan's rights.

51. Defendant Lake County Jail corrections officers, willfully, intentionally, and maliciously assaulted Hakan Senalan through their aforesaid acts, causing extreme terror, mental anguish and emotional distress.

52. Defendant Lake County Sheriff's Department corrections officers, through their aforesaid acts, were without probable cause but with the presence of malice resulting in damages to Hakan Senalan.

53. The Plaintiff Hakan Senalan as well as other citizens that enter the Lake County Jail has a right to be free from mental and physical abuse at the hands of the Defendant Lake County Sheriff's Corrections officers.

WHEREFORE, Plaintiff, HAKAN SENALAN, respectfully requests this Court enter judgment in his favor and against Defendant corrections officers W.R. KINVILLE, TERRY KING, JOHN UPTON, CARNELL REED, MATTHEW RICE, TIMOTHY PFLEGER,

MARTIN MAZUR, and Defendant, MARK C. CURRAN, JR., in their individual and official capacity, and any other relief this Court deems just and appropriate under the circumstances.

### Count IV
### 42 U.S.C. Sec. 1983 – Color of Law

54. Plaintiff re-alleges paragraphs 1 through 53 of his complaint.

55. In committing the acts alleged in the proceeding paragraphs, Defendants Kinville, King, Upton, Reed, Rice, Pfleger and Mazur were members of and agents for, the Lake County Sheriff's Office acting at all relevant times within the scope of their employment and under color of law.

56. The Sheriff of Lake County and supervisors of the jail correctional staff offer no meaningful training to correctional officers in the dealing with un-medicated persons who suffer from mental illness, such as Hakan Senalan, and as such officers continuously subject inmates to a deprivation of constitutional rights.

57. Over the period of the past five (5) years, numerous persons housed in the Lake County Jail has complained that correctional officers were physically abusive and exercised unnecessary and excessive force upon inmates of the jail.

58. The beating of Plaintiff Hakan Senalan is not an isolated instance of abuse of prisoners, but rather a practice within the jail that is offensive to the constitutional protections of the 8th and 14th Amendments.

59. The Lake County Sheriff's Office policy and the Defendant Corrections Officer's custom when dealing with mentally unstable inmates is of an injurious nature so as to willfully,

and maliciously, and without conscious regard inflict injury to mentally unstable inmates by using excessive force.

60. The Lake County Sheriff's Office does not have absolute immunity from claims that arise from corrections officers when they are working under color of law.

WHEREFORE, Plaintiff, HAKAN SENALAN, respectfully requests this Court enter judgment in his favor and against Defendant corrections officers W.R. KINVILLE, TERRY KING, JOHN UPTON, CARNELL REED, MATTHEW RICE, TIMOTHY PFLEGER, MARTIN MAZUR, Defendant, MARK C. CURRAN, JR., in their individual and official capacity, and any other relief this Court deems just and appropriate under the circumstances.

**Count V**

**42 U.S.C. Sec. 1983 – Indemnification**

61. Plaintiff re-alleges paragraphs 1 through 60 of his complaint.

62. Defendant Mark Curran is an independently elected constitutional officer under Illinois law. As such, the existence of the Sheriff's Office has a legal existence separate from the county and the state and is a suable entity. Ill. Const., Art. VII, Sec. 4(c).

63. All remaining defendants are correctional officers acting within the scope of their employment while engaged in conduct as correctional officers upon an inmate of the jail.

64. Illinois law, 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. Defendants Kinville, King, Upton, Reed, Rice, Pfleger and Mazur are or were employees of the Lake County Sheriff's Office who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, HAKAN SENALAN, respectfully requests this Court enter judgment in his favor and against Defendant corrections officers W.R. KINVILLE, TERRY KING, JOHN UPTON, CARNELL REED, MATTHEW RICE, TIMOTHY PFLEGER, MARTIN MAZUR, Defendant, MARK C. CURRAN, JR., in their individual and official capacity, and any other relief this Court deems just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jed H. Stone
One of the Attorneys for HAKAN SENALAN

**Stone & Associates, Ltd.**
**415 Washington Street, Suite 107**
**Waukegan, IL 60085**
**847-336-7888**